IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT BRUSE,<br><br>Petitioner,<br><br>vs.<br><br>TOM GREEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-313-M-DWM-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On December 26, 2013, Petitioner Robert Bruse moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Bruse is a state prisoner proceeding pro se.

**I. Motion to Proceed In Forma Pauperis**

After reviewing the motion and supporting account statement, I find that Bruse has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

**II. Bruse's Claims and Analysis**

Bruse contends that the trial court deprived him of the appropriate number of days' credit for time served prior to imposition of his revocation sentence. He also

1

alleges that trial counsel was ineffective for failing to move to correct the judgment and/or failing to timely provide him with a copy. Pet. (Doc. 1) at 4-5 ¶¶ 13A-B. The sentence was imposed on February 12, 2012, Pet. at 2 ¶ 2, but Bruse states that he did not receive a copy of the written revocation judgment until sometime after he filed a state habeas petition in the Montana Supreme Court in June 2013. *Id.* at 4 ¶ 13A; Pet. for State Writ at 2, *Bruse v. Green*, No. OP 13-0398 (Mont. filed June 11, 2013).[1]

Before a state prisoner may petition for federal habeas relief, he must fairly present each of his claims for relief in the state courts. *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Bruse has indeed argued in the Montana Supreme Court that he served more than 109 days in custody prior to imposition of the revocation sentence. *E.g.*, Pet. for State Writ at 3, *Bruse*, No. OP 13-0398; *see also* Mont. Code Ann. § 46-18-203(7)(b). But he made that claim in a petition for writ of habeas corpus under state law,[2] and the record presented to the Montana Supreme Court did not establish the number of days Bruse was held in custody before the revocation hearing. *Compare* State's Resp. to State Pet. at 6, *Bruse*, No. OP 13-

---

[1] This and other documents from Bruse's state habeas action are available at http://supremecourtdocket.mt.gov (accessed Dec. 30, 2013).

[2] The writ is generally not available under state law to correct an erroneous judgment. *Compare Lott v. State*, 150 P.3d 337, ___ (Mont. 2005) (authorizing habeas relief against "a sentence which, as a matter of law, the court had no authority to impose"). Bruse's case raised a question of fact, i.e., how many days did he serve in custody prior to imposition of the revocation sentence?

2

0398 (Mont. filed Aug. 5, 2013), *with* Pet'r Reply (Doc. 1-1) at 2;[3] State Pet. for Reh'g at 3, *Bruse*, No. OP 13-0398 (Mont. filed Sept. 10, 2013).

Bruse may still make his claims in postconviction proceedings, *see* Mont. Code Ann. §§ 46-21-101 *et seq.*, where the facts can be developed. Although his filings in the Montana Supreme Court suggest he believes the trial court is biased against him, no such belief on his part can excuse his obligation to pursue relief in compliance with state and federal law. Because remedies remain available to him in the state courts, he must proceed there before he may file here. *E.g.*, *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). There is no good cause to stay the federal petition pending Bruse's exhaustion of these claims in state court, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), nor does Bruse's federal petition present any properly exhausted federal habeas claims, *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).

Bruse's federal petition should be dismissed without prejudice. Dismissal at this time will not prevent him from filing anew in federal court, if necessary, after he has properly exhausted his state remedies.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

---

[3] It does not appear this document was filed in the Montana Supreme Court. Possibly it was received after the decision was issued.

Proceedings. Here, a certificate of appealability is not warranted. Reasonable jurists would agree Bruse's appropriate course at this time lies in state court. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

Bruse's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. Bruse's petition should be DISMISSED in its entirety as unexhausted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Bruse may object to this Findings and Recommendation within 14 days.[4] 28

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Bruse must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this **3rd** day of January, 2014.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge